UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| HENRY M. HANSBROUGH, | ) | |
| Institutional ID No. 1600652, | ) | |
| SID No. 7449669, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:11-CV-00090-BG |
| J.T. MONTFORD RMF UNIT, | ) | ECF |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**Statement of the Case**

Appearing *pro se* and *in forma pauperis*, Plaintiff Henry M. Hansbrough, who was formerly incarcerated by the Texas Department of Criminal Justice (TDCJ), filed this action claiming that Defendant "J.T. Montford RMF Unit" (Montford Unit) violated his constitutional rights and the Americans with Disabilities Act (ADA). Montford Unit is a unit of TDCJ that houses inmates who require medical or psychiatric treatment. Hansbrough has alleged and authenticated medical records reflect that Hansbrough required a wheelchair at Montford Unit due to hemiparesis from a prior stroke. The records also indicate that he had diabetes and end stage renal disease requiring dialysis during his time at Montford Unit. Hansbrough claims that Montford Unit (1) locked him in his cell for twenty-two hours per day, (2) allowed him to spend only two hours per day in the day room, and (3) denied him access to commissary, the chow hall, the law library, and educational classes. He seeks monetary compensation for emotional distress and pain and suffering.

The United States District Court transferred the case to the undersigned United States

1

Magistrate Judge for further proceedings. On June 13, 2011, Hansbrough notified thE court that he had been released from TDCJ custody and resided in a nursing home outside of the Northern District of Texas. The undersigned thereafter reviewed authenticated records from TDCJ and Hansbrough's answers to a Questionnaire issued by the court pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). The undersigned provided Hansbrough with an opportunity to consent to the jurisdiction of a United States Magistrate Judge, but Hansbrough did not consent. Pursuant to the Order of transfer, the undersigned now files this Report and Recommendation.

## Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (2012). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" *Id.* at 327. A complaint lacks an arguable basis in fact if the "factual contentions are clearly baseless." *Id.* A court may base a finding of frivolousness on a plaintiff's allegations, testimony obtained at a *Spears* hearing, and authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

## Discussion

I.   Hansbrough has not alleged a physical injury sufficient to satisfy 42 U.S.C. § 1997e(e).

Pursuant to 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This provision "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008). Because Hansbrough seeks only compensatory damages in this case, his claims must satisfy the physical injury requirement of § 1997e(e).

A plaintiff must allege "a specific physical injury" to satisfy § 1997e(e). *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). General allegations of physical health problems and conditions that do not require medical attention are insufficient. *See id.* at 665–66 (holding that inmate's allegations of "physical health problems" were not sufficiently specific to satisfy § 1997e(e)); *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (holding that an inmate's nausea that was not severe enough to warrant medical attention did not satisfy § 1997e(e)); *Salter v. Dallas Sheriff's Dep't*, No. 3:08-CV-125-O, 2008 WL 4393268, at *2 (N.D. Tex. Sept. 26, 2008) (holding that inmate's allegations of "depression, tension in his neck, migraine headaches, angry feelings, mood swings and pain in his joints and back" did not satisfy § 1997e(e)). Furthermore, an alleged temporary increase in pain that is not connected to the alleged cause of an inmate's emotional suffering does not satisfy § 1997e(e). *See Herron v. Patrolman No. 1*, 111 F. App'x 710, 713 (5th Cir. 2004) (per curiam) (holding that detainee's "temporary increase of pain in his already injured neck" did not satisfy § 1997e(e)); *Guy v. Briones*, No. C-07-473, 2009 WL 728583, at *8–9 (S.D. Tex. March 17, 2009) ("It cannot be said that the mere aggravation of an existing injury is more than *de minimis* under the facts of this case. . . . and the fact that [an inmate] continued to have pain, where he has always had pain, does not establish an injury.").

In response to the court's Questionnaire, Hansbrough stated that he was confined at Montford Unit from March to June of 2011 and that he experienced "deep depression" and pain in his left leg, back, and neck due to the restrictions of which he complains. He also stated that he received medication twice per day, dialysis three times per week for four hours at a time, and physical therapy twice per week. Hansbrough's answers and authenticated medical records indicate that he was examined by a nurse at least daily and by a physician at least four times per month during his time at Montford Unit. In addition, the records show that Hansbrough either voiced no complaints of discomfort or expressly denied having pain on all but five of the daily encounters he had with medical staff at Montford Unit. On all five of those occasions, the records indicate that Hansbrough again voiced no complaints of discomfort or expressly denied having pain on the following day or sooner. The records also show that Hansbrough was treated for low back pain and neuropathic pain as early as September 2010 and that he regularly refused to take the medication prescribed for his neuropathic pain in the two months preceding his transfer to Montford Unit.

In view of the foregoing, Hansbrough has alleged at most temporary increases in pain that are not connected to the alleged cause of his emotional suffering. *See Herron*, 111 F. App'x at 713. Therefore although the court sympathizes with Hansbrough, his claims are barred by § 1997e(e) and should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

II.     In addition and in the alternative, the Eleventh Amendment bars Hansbrough's constitutional claims.

Hansbrough brings his constitutional claims pursuant to 42 U.S.C. § 1983, which "provides a private cause of action against those who, under color of law, deprive a citizen of the United States of 'any rights, privileges, or immunities secured by the Constitution and laws.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 394–95 (5th Cir. 2009) (quoting 42 U.S.C. § 1983). Prison conditions violate

the Eighth Amendment's prohibition on cruel and unusual punishment when they deprive an inmate of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

However, the Eleventh Amendment "bars claims against a state brought pursuant to 42 U.S.C. § 1983." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). As instrumentalities of the state, TDCJ and its subdivisions, including Montford Unit, also enjoy this immunity. *See id.* ("[A]s an instrumentality of the state, TDCJ-[Institutional Division] is immune from . . . suit on Eleventh Amendment grounds."); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ-[Institutional Division] is immune from a suit for money damages under the Eleventh Amendment.").

In the instant case, Hansbrough names Montford Unit as the sole Defendant, and he seeks only money damages. Accordingly, to the extent that he raises any constitutional claims, those claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A because they are frivolous and seek monetary relief from a defendant who is immune from such relief.

### Recommendation

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DISMISS** Hansbrough's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

5

§ 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated:   May 14, 2012.

_____
NANCY M. KOENIG
United States Magistrate Judge